(30 App. Div. 225.)

LOWEREE v. TALLMAN et al.

(Supreme Court, Appellate Division, Second Department. May 24, 1898.)

APPEAL—DISMISSAL—SERVICE OF JUDGMENT—ACTION ON BOND.

Where an appeal to the appellate division of the supreme court is dismissed with costs, it is the judgment entered in the county clerk's office dismissing the appeal and adjudging the recovery of the costs thereof, and not the order of the appellate division dismissing the appeal, which must, under Code Civ. Proc. § 1309, be served upon the appellant's attorney and the sureties upon the undertaking on appeal, as a condition precedent to maintaining an action upon the undertaking; for the object of the statute is to duly apprise the sureties of the amount for which they are liable, and to allow them an opportunity to pay without suit, and this cannot be done until the costs have been taxed and inserted in the judgment.

Appeal from Rockland county court.

Action by William Loweree against Elizabeth C. Tallman and Alfred W. Tallman. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Garrett Z. Snider, for appellants.

Richard S. Harvey, for respondent.

GOODRICH, P. J. An action was commenced by the plaintiff herein against Effingham L. Tallman, in the county court of Rockland county, and a judgment was rendered for the plaintiff. From that judgment an appeal was taken by the defendant to the appellate division of the supreme court, and he gave the usual undertaking on appeal, which was executed by the defendants in this action. The appeal was dismissed by the appellate division, and, the order having been duly filed in the county clerk's office, a judgment was entered dismissing the appeal, and adjudging the recovery of $21.82 costs of the appeal in favor of the plaintiff, and against the original defendant. The plaintiff served upon the defendants' attorney, on June 28, 1897, and upon the sureties in the undertaking, on September 25, 1897, a copy of the last-named judgment, and a notice of the date of its entry and of the taxation of costs. The present action was commenced on October 18, 1897, to recover from the sureties the amount of the original judgment and the costs of the appeal; and the plaintiff obtained a judgment therefor, from which this appeal is taken.

Section 1309 of the Code of Civil Procedure provides that:

"An action shall not be maintained, upon an undertaking, given upon an appeal, * * * until ten days have expired, since the service, upon the attorney for the appellant, and upon the sureties on such undertaking, of a written notice of the entry of a judgment or order, affirming the judgment or order appealed from, or dismissing the appeal."

The contention of the defendants is that this section requires that, when an appeal is dismissed by order of the appellate division, a copy of such order itself must be served on the parties, and not, as in the present instance, a copy of the judgment of the county court entered thereon. We think this view erroneous. The undertaking provides that the appellant therein named will pay all the costs which may be awarded against him on the appeal, and the original judgment if it shall be affirmed. The order dismissed the appeal, with costs. The costs were properly taxed before insertion in the judgment, and, this being done, the judgment directed the recovery of such costs against the original defendant. Until such time there was no basis for the recovery of the costs referred to in the undertaking on appeal. The service of the copy of the order itself, which did not contain the amount of the costs, would not have apprised the defendants of the amount for which they were liable. This could be done only after taxation and entry in the judgment. It was the object of section 1309 that the sureties should have notice of the amount for which they

were liable, with ample time to enable them to pay, without the expense of an action thereon.

The judgment must be affirmed, with costs.    All concur.